The Honorable James P. Donohue

<u>Declaration in the matter of Gino Valdivia v. Washington State DOC No. 16-CV-00597-JLR</u>

Name: John Crowley

**Years of Service:** I have worked with the Department of Corrections for nearly 10 years. All of that time has been with the Sex Offender Treatment Program. For nine years I was employed as a Sex Offender Treatment Specialist. I held the temporary position of Psychology Associate for one year. In total, I have been employed by the State of Washington for 12 years.

**Education:** I hold earned graduate degrees in Counseling (Loyola Marymount, 1987) and Social Work (Cal. State, Long Beach, 2000). I hold a valid California Pupil Personnel Services Credential allowing me to provide academic counseling and social work in primary, secondary and junior college settings.

**Total Time in the Social Service Field:** I have worked in the field of social service since 1984, thirty-two years.

**Experiences at the Sex Offender Treatment Program:**

When I started work at the Sex Offender Treatment Program (SOTP), it was divided into two treatment teams, overseen by two Corrections Mental Health Unit Supervisors (CMHUS). About one year into my time at the SOTP, I noticed staff from the team I was assigned to moving, individually, to the other treatment team. Between late 2006 to early 2009 all members of my treatment team had left DOC or moved to the other treatment team. In 2009, I observed the CMHUS of my treatment team shouting at a coworker, behind her closed office door. That individual, Paul Rogers, was soon moved to the alternate treatment team. It was never stated why these employees had left DOC or moved from one treatment team to another.

In 2008 and 2009, I was in the process of adopting a child. I had talked with my coworkers about this undertaking. The process had gone smoothly until 2009 when it abruptly stopped. My case was moved from the initial social worker and office to another social worker, in a far distant office. No reason was given. I was then asked for many additional references and releases to talk with people at the SOTP. In early July, 2009 I was to

complete the adoption home-study process with a final home visit from the Dept. of Social Service social worker.  As that meeting came to an end, the worker stated 'I have to tell you that someone from your work has called my supervisor and stated that you would not be a good person to serve as an adoptive parent'.  I asked who made these allegations.  The worker responded 'I can't tell you that due to issues of confidentiality.  Have you had any trouble with your supervisors recently'?

On the next work day, I submitted an incident report describing this event.  Within two weeks the DOC initiated an investigation.  Within six weeks the investigation was completed and the individual making the allegations identified.  It was the same CMHUS who I had observed shouting at a coworker and whose entire treatment team have moved, one by one from her team to that alternate team.

The DOC and management of the SOTP never informed me that the referenced investigation had been completed.  A year after I submitted the Incident Report, I sought the assistance of an attorney to determine what had occurred.  At her direction, I asked the status of the investigation and was advised by the then SOTP Director, Sally Neiland, that it had concluded a year prior.  When I asked the outcome of the investigation, she stated that I was not entitled to that information. It was only by having the Teamsters Union submit a public records request that I was able to see the result of the investigation.

My experience, as noted above, is the one with which I am most familiar.  It is characteristic of the behavior of the SOTP administration to this day.  The CMHUS who attempted to stop my efforts to adopt engaged in harassment in my regard for several years after I submitted the Incident Report.  Because I anticipated losing my employment due to this harassment, I had my attorney file a public disclosure request regarding what I and others had experienced.  That public disclosure is identified by the Department of Corrections as **PDU-13607.**  It provides, in detail and in the form of DOC documents, an intimate description of what I and others encountered when interacting with SOTP management.  There are additional documents, records of interviews with SOTP staff, all who have now left DOC employ that further describe the behavior of administrative staff.  These are not included in the referenced public disclosure. They are available upon request.

As noted, the above behavior is that with which I am most familiar.  That behavior has continued (and worsened) to the current day. I will briefly reference my knowledge of those developments below.

- Staff turnover at the SOTP's main sites is above 50 percent per year. Staff at the Monroe site frequently state that they leave because of the way they are treated by SOTP management. This can be verified by reviewing DOC Human Resources' Exit Interviews for former employees. I am aware of these situations due to my role as a Teamsters' shop steward located at the SOTP.

- Sex Offender Treatment Specialist Ann Delgado (recently retired) stated to me that she had received a Letter of Reprimand from SOTP Director Jeffrey Landon subsequent to her use of sick leave due to hospitalization for emotional difficulties and pneumonia.

- Sex Offender Treatment Specialist Gino Valdivia received a Letter of Reprimand from SOTP Director Jeffrey Landon subsequent to his trip to the Emergency Room of Valley General Hospital (during work hours) due to critically high blood pressure.

- Sex Offender Treatment Specialist Gino Valdivia received a Letter of Reprimand from SOTP Director Jeffrey Landon noting his misconduct in not having his treatment notes submitted in a timely manner. Very few treatment staff are able to submit documentation in the required time frames due to increasing world load having to be managed with ever fewer staff. An employee Grievance has been filed in this regard.

- Sex Offender Treatment Specialist Joey Johnson received a Letter of Reprimand from SOTP Director Jeffrey Landon noting his misconduct in not having his treatment notes submitted in a timely manner. Very few treatment staff are able to submit documentation in the required time frames due to increasing world load having to be managed with ever fewer staff.

- Sex Offender Treatment Specialist Ursula Katolik-Johnson was shouted at in an SOTP staff meeting by SOTP Director Jeffrey Landon and accused of calling him unethical. I observed this behavior, Mrs. Katolik-Johnson did not call Mr. Landon unethical. The day following this incident, Mr. Landon called Mrs. Katolik-Johnson into the site program manager's office and told her 'he was going to address this issue with her and she was going to listen'. Mrs. Katolik-Johnson ask that her shop steward (myself) be present before the discussion went further. I was sitting just down the hallway. Mr. Landon refused to call me, advising Mrs. Katolik-Johnson that she would have to find someone else. When she responded that she did not know who to call

in this situation, Mr. Landon stated that he would go find someone and she was to remain in the office while he was gone (he did not return for thirty-five minutes).  Subsequent to an Unfair Labor Practice Complaint filed against Mr. Landon alleging retaliation and interference with employees contract rights, he signed a mediation agreement agreeing to ongoing discussion with the Teamsters Union.  In this critical situation, Mr. Landon refused to speak with a Teamsters' shop steward who was located just down the hallway.  An employee Grievance was filed by Mrs. Katolik-Johnson against Mr. Landon and the site program manager, Lisa Dandescu as a result of the above described behavior.  The Grievance was found justified and settled in Mrs. Katolik-Johnson's favor.  An Unfair Labor Practice Complaint resulting from the same situation was filed against Mr. Landon and Mrs. Dandescu.  The Complaint was resolved in Mrs. Katolik-Johnson's favor.

- This behavior, together with the loss of staff resulted in "climate interviews" and debriefs.  These involved DOC psychologists interviewing all willing SOTP employees in order to determine what was causing the program to experience such dissatisfaction among its professional staff.  Unfortunately, this undertaking only exacerbated the negative situation and resulted in an Unfair Labor Practice complaint being filed against SOTP Director Jeffrey Landon for interfering with union member's employment rights.

In summary, the environment for professional staff at the Sex Offender Treatment Program is tense and toxic.  Staff are afraid.  They are guarded when talking among themselves.  They fear that they will be give Letters of Reprimand for simply speaking, thus crippling their careers and endangering their jobs. There is a sense of paranoia pervading the workplace environment.  What I have put forth in this declaration can be verified by making public disclosure requests regarding the SOTP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: month/day/year

Signature: _____ 06-30-2016

Print: John Crowley